IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ROBERT SPELLMAN,
    Petitioner,

vs.                                      Case No.:  3:11cv242/MCR/EMT

SEC'Y, DEP'T OF CORR.,
    Respondent.
_____/

**REPORT AND RECOMMENDATION**

Before the court is an amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (doc. 4). Respondent filed a motion to dismiss the petition as untimely, with relevant portions of the state court record (doc. 18). Petitioner filed a response in opposition to the motion (doc. 21).

This matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(b). After careful consideration, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter. It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed as untimely.

I.    BACKGROUND AND PROCEDURAL HISTORY

The relevant procedural history of this case is established by the state court record (doc. 18). Petitioner was charged in the Circuit Court in and for Escambia County, Florida, Case No. 2005-CF-3751, with one count of burglary of an occupied dwelling (Count 1), one count of dealing in stolen property by trafficking (Count 2), one count of tampering with evidence (Count 3), and one count of felony petit theft (Count 4) (Ex. A at 3–4). The State nolle prossed the dealing in stolen property count, and the tampering count was severed from the other two counts for purposes of trial (*see id.*

at 12, 58). Following separate jury trials on May 19 and May 24, 2006, Petitioner was found guilty of the burglary, petit theft, and tampering counts (*id.* at 23–24, 33). On June 29, 2006, he was adjudicated guilty and sentenced to nine (9) years of imprisonment on the burglary count, and concurrent terms of five (5) years of imprisonment on the tampering and theft counts, to run concurrently with the sentence on the burglary count, with pre-sentence jail credit of 112 days (Ex. A at 46–58).

Petitioner appealed the judgment to the Florida First District Court of Appeal ("First DCA"), Case No. 1D06-3931 (Ex. B). The First DCA affirmed per curiam without written opinion on November 29, 2007, with the mandate issuing December 17, 2007 (*id.*). Spellman v. State, 969 So. 2d 377 (Fla. 1st DCA 2007) (Table). Petitioner did not seek further review.

On March 23, 2009, Petitioner filed a motion for post-conviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Ex. C-1). On September 21, 2009, the state circuit court struck the motion as facially insufficient with leave for Petitioner to file a facially sufficient motion "within a reasonable time" (Ex. C-2). Petitioner filed an amended motion, which was summarily denied on September 28, 2010 (Ex. D-1). Petitioner appealed the decision to the First DCA, Case No. 1D10-6290 (Ex. E-1). The appellate court affirmed per curiam without written opinion on March 17, 2011, with the mandate issuing May 16, 2011 (Exs. E-1, F). Spellman v. State, 60 So. 3d 392 (Fla. 1st DCA 2011) (Table).

Petitioner filed his federal habeas petition on May 9, 2011 (doc. 1).

II.     ANALYSIS

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment. The limitation period runs from the latest of:

>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action

  in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1).

  Respondent contends the appropriate statutory trigger for the limitations period is § 2244(d)(1)(A), the date Petitioner's conviction became final (doc. 18 at 2). Petitioner does not contend, nor do the allegations in his petition suggest, that any of the statutory triggers set forth in § 2244(d)(1)(B–D) apply. Therefore, the statute of limitations will be measured from the date the judgment became final. *See* 28 U.S.C. § 2244(d)(1)(A).

  The First DCA affirmed the judgment on November 29, 2007. Petitioner did not seek further review; therefore, his conviction became final upon expiration of the ninety-day period for doing so, February 28, 2008. *See* <u>Chavers v. Secretary, Florida Dept. of Corrections</u>, 468 F.3d 1273, 1274–75 (11th Cir. 2006) (judgment of conviction becomes "final" after the expiration of the ninety-day period in which the petitioner could have filed a petition for a writ of certiorari, which begins to run on the date of the appellate court's affirmance of the conviction, not the date of the appellate court's mandate). Petitioner had one year from that date, or until February 28, 2009, to file his § 2254 petition. *See* <u>Downs v. McNeil</u>, 520 F.3d 1311, 1318 (11th Cir. 2008) (limitations period should be calculated according to "anniversary method," under which limitations period expires on anniversary of date it began to run) (citing <u>Ferreira v. Sec'y, Dep't of Corr.</u>, 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)). Petitioner did not file his federal petition on or before that date; therefore, it is untimely unless tolling principles apply and render it timely.

  Section 2244(d)(2) provides:

  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

On March 23, 2009, Petitioner filed a Rule 3.850 motion; however, it was filed <u>after</u> the federal limitations period expired and therefore did not toll it.  *See* <u>Webster v. Moore</u>, 199 F.3d 1256, 1259 (11th Cir. 2000). Petitioner's federal petition, filed May 9, 2011, was thus untimely.

Petitioner asks the court to equitably toll the limitations period (doc. 21).  A petitioner is entitled to equitable tolling of the federal limitations period if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." <u>Holland v. Florida</u>, — U.S. —, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010) (citing <u>Pace</u>, 544 U.S. at 418) (internal quotations omitted); *see also* <u>Hunter v. Ferrell</u>, 587 F.3d 1304, 1308 (11th Cir. 2009) (citation omitted).  Because equitable tolling is "an extraordinary remedy," it "is limited to rare and exceptional circumstances" and "typically applied sparingly." <u>Lawrence v. Florida</u>, 421 F.3d 1221, 1226 (11th Cir. 2005).  Thus, the Eleventh Circuit has concluded that equitable tolling is available only "'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'" *Id.* (quoting <u>Sandvik v. United States</u>, 177 F.3d 1269, 1271 (11th Cir. 1999)).  "As for the 'extraordinary circumstance' prong, like the Supreme Court's articulation in <u>Holland</u>, [the Eleventh Circuit] too ha[s] required a defendant to show a causal connection between the alleged extraordinary circumstances and the late filing of the federal habeas petition.  *See* <u>San Martin v. McNeil</u>, 633 F.3d 1257, 1267 (11th Cir. 2011) (citing <u>Lawrence</u>, 421 F.3d at 1226–27).  "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" <u>Holland</u>, 130 S. Ct. at 2565 (internal quotation marks and citation omitted).  "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." <u>San Martin</u>, 633 F.3d at 1268 (citing <u>Drew v. Dep't of Corr.</u>, 297 F.3d 1278, 1286 (11th Cir. 2002)).  "Mere conclusory allegations are insufficient to raise the issue of equitable tolling." *Id.* (citations omitted).

In the instant case, Petitioner alleges the inmate who was assisting him with his Rule 3.850 motion was released from incarceration on February 6, 2009, and accidentally took Petitioner's transcripts and other legal documents with him (doc. 21 at 1–2).  Petitioner states the documents were vital to the preparation of his Rule 3.850 motion, and were not returned to him until March 20, 2009 (*id.*).  He states another inmate then assisted him with filing him Rule 3.850 motion on March

23, 2009 (*id.*). Petitioner asserts he has been diligently pursuing his rights, and this "extraordinary" circumstance caused the untimely filing of his federal petition (*id.*).

Petitioner does not allege he made any effort to pursue his rights during the 11-month period between the date his conviction became final and the date he became separated from his legal documents (February 28, 2008 to February 9, 2009). Therefore, he failed to show he has been pursuing his rights diligently. Further, he failed to show that the 42-day separation from his legal documents actually caused the late filing of the federal habeas petition. Therefore, Petitioner failed to carry his burden of establishing he is entitled to the extraordinary remedy of equitable tolling.

III.   CONCLUSION

Petitioner filed his § 2254 petition after the one-year federal limitations period expired. Further, he failed to demonstrate he is entitled to equitable tolling of the limitations period, or that he is entitled federal review of his claims through any recognized exception to the time bar. Therefore, the § 2254 petition should be dismissed with prejudice as time-barred.

IV.   CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.   That Respondent's motion to dismiss (doc. 18) be **GRANTED**.

2. That the amended petition for writ of habeas corpus (doc. 4) be **DISMISSED with prejudice** as untimely.

3. That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 30th day of May 2012.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).